UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,          :
                                  :
       Petitioner                 :
                                  :
    v.                            :   CIVIL NO. 4:CV-07-258
                                  :
JOHN GRUGANUS, ET AL.,            :   (Judge McClure)
                                  :
       Respondents                :

**MEMORANDUM**

February 28, 2007

**Background**

      This pro se "motion for a habeas ad testimonduindum [sic]" was filed by Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania.[1]  Record document no. 1, p. 1. The action, which will be construed as a habeas corpus petition under 28 U.S.C.§ 2241, is accompanied by a request for leave to proceed in forma pauperis.  For the reasons set forth below, Reynolds' petition will be dismissed as meritless.

      Named as Respondents are Assistant United States Attorney (AUSA) John Gurganus, and Agent Larry Whitehead of the Federal Bureau of Investigation (FBI), Joseph O'Brien, Esq., and Phillip Gelso, Esq.  The present matter is the latest in a

---

1. A writ ad testicandum is normally employed to secure the presence of a witness or party at trial.

1

series of actions filed by Reynolds challenging the legality of his ongoing federal criminal prosecution in this district before the Honorable Edwin M. Kosik . See United States v. Reynolds, Case No. 3:05-CR-493.

Petitioner asserts that Agent Whitehead committed perjury and fraud by lying in an affidavit which was presented to a federal grand jury. He also contends that Attorney Gurganus, who is handling his prosecution, ignored exculpatory evidence and knowingly used false statements by Whitehead and Kevin Reardon to obtain the underlying criminal indictments.[2] Attorney Gelso, Reynolds' prior criminal defense counsel, was informed that Reardon actually committed the crimes attributed to the Petitioner but purportedly ignored the information. Attorney O'Brien, who is presently Petitioner's court appointed standby criminal defense counsel, is allegedly cooperating with the prosecution. As relief, Reynolds requests that he be afforded a hearing before the grand jury within the next thirty (30) days.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that

---

2.   Jury selection and trial in his criminal case are presently scheduled for March, 2007.

the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Petitioner acknowledges that he has not yet been convicted or even tried of the federal criminal offenses/indictment underlying this action.  The Court of Appeals for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship."  Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).  In Stolt-Nielsen, the Court of Appeals refused to grant an injunction against an anticipated indictment.  The Third Circuit Court of Appeals observed:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987). Moreover, a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'"  Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197, 214 (1923)).

Here, Reynolds has a plain, adequate and complete remedy at law by asserting his objections to the legality of his grand jury indictment in his ongoing federal criminal proceedings.

Furthermore, even if convicted of the pending federal charges, Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255.  It is simply not appropriate at this juncture for the Petitioner to challenge the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition before this Court.  There is nothing to suggest that Reynolds cannot litigate the merits of his present allegations in his ongoing federal prosecution, or thereafter before the Court of Appeals.  Accordingly, since intervention by this Court is not appropriate, his petition for writ of habeas corpus will be denied as meritless.  An appropriate Judgment will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-07-258
:
JOHN GURGANUS, ET AL., :
: (Judge McClure)
    Respondents :

## **ORDER**

February 28, 2007

In accordance with the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. Reynolds' action is construed as a petition for writ of habeas corpus.

3. The habeas corpus petition is DISMISSED as meritless.

4. The Clerk of Court is directed to close the case.

5. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability

                                  s/ James F. McClure, Jr.
                                JAMES F. McCLURE, JR.
                                United States District Judge